Argued and submitted May 28, affirmed November 19, 1997, petition for review denied April 7, 1998 (327 Or 82)

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID WAYNE CRITES,
*Appellant.*

(95-6011; CA A93578)

948 P2d 757

Kimi Nam, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals a judgment of conviction for transporting special forest products without a permit. ORS 164.813. He contends that the trial court erred in denying a motion to suppress evidence of the crime that was obtained when an officer stopped his truck without reasonable suspicion that defendant had committed any crime. We affirm.

The relevant facts are not in dispute. Deputy Swanson, a forest patrol officer for the Clatsop County Sheriff's Department, was patrolling a rural section of Highway 26 when he observed defendant drive by. It was dark at the time, but as defendant's truck passed by Swanson's headlights, the officer noticed large blocks of cedar in the back of the truck. It is unlawful to cut or remove special forest products without a permit, ORS 164.813, and large blocks of cedar qualify as special forest products, ORS 164.813(6)(b)(D). Swanson was aware of a large cedar theft problem in the immediate area, which mostly consisted of forestland owned by the State of Oregon. Swanson knew that the Oregon State Forestry Department did not issue cedar permits. He also knew that the immediate area contained a large quantity of cedar and that a mill located down the highway sometimes purchased cedar. Swanson was aware that there was some private forestland in the area that contained cedar and that some of the private landowners permitted the sale of cedar.

Swanson did not see defendant commit a traffic infraction. He did, however, suspect that the cedar in the back of defendant's truck was stolen. Swanson pulled defendant over to ask if he had a permit for transporting the cedar. When defendant could produce no permit, Swanson cited him for unlawful transport of forest products and seized the cedar as evidence.

Defendant pleaded not guilty and moved to suppress the evidence obtained from the vehicle stop. The trial court denied the motion. On appeal, he argues that the trial court erred in doing so. He contends that because Swanson lacked reason to suspect that defendant had committed any crime, the officer had no lawful basis to stop him, and, as a result, any evidence that resulted from the stop should have been

suppressed. According to defendant, Swanson had no basis on which he could reasonably conclude that the cedar in the truck had been obtained without a permit. The state contends that Swanson reasonably did suspect that defendant had stolen cedar, given the time of day, the nature of the area and the history of cedar theft in the immediate area.

ORS 131.615(1) provides that a peace officer who "reasonably suspects that a person has committed a crime" may stop the person and make reasonable inquiry. "Reasonably suspects" means "a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts." ORS 131.605(4). The Supreme Court has elaborated on that statutory definition:

> "The statutory standard for the stopping and questioning of a person concerning his or her possible criminal activity was intended to be less than the standard for probable cause to arrest. The standard is reasonable suspicion, and it requires an objective test of observable facts. Whether the suspicion is reasonable often will depend on the inferences drawn from the particular circumstances confronting the officer, viewed in the light of the officer's experience. If a police officer is able to point to specific and articulable facts that give rise to a reasonable inference that a person has committed a crime, the officer has 'reasonable suspicion' and hence may stop the person for investigation."

*State v. Ehly*, 317 Or 66, 80, 854 P2d 421 (1993) (citations and footnote omitted).

In this case, Swanson derived his suspicions about defendant on the basis of objective and observable facts and the inferences that he drew from them. Specifically, he saw defendant transporting cedar on a public highway after dark in a forest area where the state owns most of the land and where it is illegal to cut cedar. From those facts it was not unreasonable to infer that defendant might have obtained and transported the cedar illegally. Defendant is correct that it certainly was *possible* that defendant had cut the cedar on private land and that he had done so lawfully. But the fact that there are possible lawful explanations for behavior does not mean that it does not also give rise to reasonable suspicion of criminality. *See, e.g., State v. Bowcutt*, 62 Or App 591, 594-95, 661 P2d 565, *rev den* 295 Or 773 (1983) (officers'

information that the defendant had a gun in a vehicle provided reasonable suspicion that the gun was carried without a permit).

Affirmed.